IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **GULF SHORE PROPERTIES, LLC, OAK PARK MISSISSIPPI PROPERTIES, LLC, WAVELAND PROPERTIES, LLC, and MICHAEL L. BROWN** | **PLAINTIFFS/COUNTER-DEFENDANTS** |
| v. | Civil No. 1:16cv437-HSO-JCG |
| **CITY OF WAVELAND, MISSISSIPPI and THE BOARD OF MAYOR AND ALDERMEN OF THE CITY OF WAVELAND, MISSISSIPPI** | **DEFENDANTS/COUNTER-PLAINTIFFS** |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION [45] TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

BEFORE THE COURT is the Motion [45] to Dismiss Plaintiffs' Second Amended Complaint filed by Defendants/Counter-Plaintiffs the Board of Mayor and Aldermen of the City of Waveland, Mississippi, and the City of Waveland, Mississippi ("Waveland" or "the City"). Plaintiffs/Counter-Defendants in this litigation are Gulf Shore Properties, LLC, Oak Park Mississippi Properties, LLC, Waveland Properties, LLC, and Michael Brown[1] (collectively, "Gulf Shore"). Gulf Shore's Second Amended Complaint advances several claims against Waveland arising from Waveland's water ordinance and charges for water usage.

---

[1] The Second Amended Complaint identifies Michael L. Brown as a plaintiff three times on the first page. In response to Waveland's Motion to Dismiss, Gulf Shore states, "Michael Brown was inadvertently listed as a Plaintiff in the Second Amended Complaint due to an editing error, but he is not asserting any claims in this action and is not a proper party." Pls.' Mem. [51] at 1 n.1. However, Plaintiffs' counsel has not filed any motion seeking to remove Michael Brown as a plaintiff.

Waveland seeks dismissal on grounds that the applicable statutes of limitations bar Gulf Shore's claims. Waveland also contends that it is immune from Gulf Shore's unjust enrichment claim under state law and that Gulf Shore fails to state a procedural due process claim upon which relief can be granted. Based upon its review of the record and relevant legal authority, the Court finds that Waveland's Motion [45] should be granted in part as to Gulf Shore's claim for violation of procedural due process and denied in part as to Gulf Shore's remaining claims.

I. BACKGROUND

A. Gulf Shore's Factual Allegations

According to the Second Amended Complaint and attached exhibit, Gulf Shore purchased two apartment complexes within the City of Waveland, Mississippi, in 2011. Not. of Claim [28-1] at 1. When Gulf Shore took possession of the properties, it began utilizing the City of Waveland's water service. *Id.* Gulf Shore alleges that since the date of purchase of the complexes, it has been charged excessive and incorrect monthly rates for water service. *Id.* at 2. Waveland assesses Gulf Shore fees based on an estimated monthly usage rate that is much higher than the actual usage. *Id.* at 2-3. The monthly statement includes a charge for wastewater disposal, which Gulf Shore claims Waveland does not have the authority to collect. *Id.* at 2.

Late fees and charges incurred by the previous owner of the complexes have also been allegedly included in Gulf Shore's water bill. *Id.* at 2. Gulf Shore

further complains that monthly statements regularly include charges for improperly computed late fees, and late fees upon late fees, which compounds the charges. *Id.* Gulf Shore asserts that on several occasions, it submitted checks for payment of the water bills, but Waveland did not properly credit these checks, resulting in improper imposition of late fees. *Id.* at 5. A Notice of Claim, which is attached as an exhibit to the Second Amended Complaint, contends that these injuries occurred "[b]etween February 28, 2011 and June 6, 2016." *Id.*

On November 16, 2016, Waveland held a meeting of its Board of Aldermen to vote on and ultimately approve an amended water and sewer ordinance, Ordinance #371, which purportedly affected Gulf Shore's rights. Second Am. Compl. [28] at 6. Gulf Shore claims that Waveland failed to provide Gulf Shore with notice that Ordinance #371 had been placed on the agenda for the Board's consideration at this meeting. *Id.* Waveland was allegedly aware of Gulf Shore's concerns about the water rates and fees because the parties were regularly communicating with each other regarding Waveland's practices and ordinances. *Id.*

B. Procedural History

On June 23, 2016, Gulf Shore submitted a Notice of Claim[2] "pursuant to the provisions of the Mississippi Tort Claims Act," alleging that Waveland had excessively and improperly charged Gulf Shore. Not. of Claim [28-1]. No action

---

[2] The Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, provides a limited waiver of the sovereign immunity of the state and its officials. Miss. Code Ann. § 11-46-11(1) provides: "After all procedures within a governmental entity have been exhausted, any person having a claim under this chapter shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity."

3

was taken on the Notice of Claim, Second. Am. Compl. [28] at 2, following which Gulf Shore filed a Complaint in the Circuit Court of Hancock County, Mississippi, on November 3, 2016, Compl. [1-1] at 24. On November 17, 2016, Gulf Shore filed an Amended Complaint. Am. Compl. [1-1] at 4. Waveland removed the case to this Court on December 16, 2016, on grounds of both diversity and federal question jurisdiction. Not. of Removal [1-1] at 1-2. Gulf Shore filed the Second Amended Complaint on April 25, 2017. Second Am. Compl. [28].

The Second Amended Complaint alleges seven counts against Waveland. Count I seeks a declaration that Waveland: 1) is assessing an unlawful tax against Gulf Shore, or, alternatively, is assessing water and sewer rates and fees in violation of state law; 2) is in breach of its contract with Gulf Shore; 3) is violating Gulf Shore's equal protection rights by failing to categorize water and sewer users fairly; and 4) is violating Gulf Shore's due process rights. *Id.* at 7-8.

Gulf Shore brings two claims pursuant to 42 U.S.C. § 1983 in Counts II and III. Gulf Shore brings a due process claim in Count II, and complains that Waveland deprived Gulf Shore of procedural and substantive due process by withholding notice of the City's consideration of changes to the ordinance at the Board meeting and by then amending the ordinance. Second Am. Compl. [28] at 8-9. Count III claims that Waveland violated Gulf Shore's equal protection rights by imposing water and sewer charges based on discriminatory, unfair, arbitrary, and/or capricious factors. *Id.* at 9-10.

Count IV alleges that Waveland breached its contracts with Gulf Shore by

4

charging rates and fees inconsistent with City ordinances. *Id.* at 10. Count V raises a tort claim for ultra vires conduct, claiming that Waveland violated state law by levying an impermissible tax disguised as a fee or, alternatively, by charging rates that are unreasonable and unfairly applied, exceeding Waveland's authority. *Id.* at 10-11. Count VI sets forth an unjust enrichment claim for Waveland continuing to retain monies Gulf Shore has paid, even though Waveland illegally charged rates and fees. *Id.* at 11-12. Lastly, Count VII claims that Waveland's water and sewer ordinance is unconstitutionally vague as written and as applied. *Id.* at 12.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Waveland now moves to dismiss the Second Amended Complaint, raising three main arguments. Mot. [45]. Waveland first contends that Gulf Shore's claims are all time-barred by the relevant statutes of limitations. Defs.' Mem. [46] at 4. Waveland posits that the claims accrued in 2011 as indicated by the Notice of Claim and that Gulf Shore failed to file suit within the applicable three- and one-year statutes of limitations. *Id.* at 5-6.

In the alternative, Waveland argues that some of Gulf Shore's claims are due to be dismissed on their merits under a Rule 12(b)(6) standard. Specifically, Waveland asserts that it is immune from Gulf Shore's unjust enrichment claim under state law. *Id.* at 6. Next, Waveland maintains that Gulf Shore's procedural due process claim fails to state a claim upon which relief can be granted, on grounds that Gulf Shore was not entitled to notice of Waveland's adoption of the new water

5

ordinance because procedural due process requirements do not apply to legislative functions, and because Gulf Shore failed to file its statutorily required appeal to state court to oppose the adoption of Ordinance #371. *Id.* at 7-8. Waveland offers no other Rule 12(b)(6) arguments, beyond the statutes of limitations defense, as to Gulf Shore's remaining claims.

Gulf Shore responds that except for its due process claim, all claims arise from Waveland's repeated, continuous, and ongoing improper billing; therefore, the continuing tort doctrine tolled the statutes of limitations. Pls.' Mem. [51] at 5. Gulf Shore asserts that the Mississippi Tort Claims Act ("MTCA") waives Waveland's immunity for its unjust enrichment claim. *Id.* at 8. Regarding the lack of notice of Waveland's adoption of Ordinance #371, Gulf Shore counters that utility ratepayers have a recognized property interest in proceedings related to utility rates, thus triggering procedural due process rights. *Id.* at 11. Gulf Shore further maintains that there is no requirement to exhaust state remedies in order to bring a claim under 42 U.S.C. § 1983. *Id.* at 12. Waveland argues in its Reply that the continuing tort doctrine does not apply against governmental entities. Reply [52] at 2.

## II. DISCUSSION

A.  Legal Standard

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

face[.]" *Spitzberg v. Houston Am. Energy Corp.,* 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). This tenet, however, is inapplicable to legal conclusions. *Id.* (citation omitted). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.,* 339 F.3d 359, 366 (5th Cir. 2003).

B.  Whether the Pertinent Statutes of Limitations Bar Gulf Shore's Claims

    1.  The Statutes of Limitations

Waveland asserts that the applicable three- and one-year statutes of limitations bar Gulf Shore's claims because they accrued in 2011, yet the Complaint was not filed until 2016. Defs.' Mem. [46] at 5-6. With respect to Gulf Shore's ultra vires claim, the MTCA provides that all claims "shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after[.]" Miss. Code Ann. § 11-46-11.

Mississippi's catchall statute of limitations states that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code. Ann. § 15-1-49. This statute applies to breach of contract and unjust enrichment claims, *see*

7

*Pickett v. Gallagher*, 159 So. 3d 587, 589, 591 (Miss. Ct. App. 2014), and to Gulf Shore's claim of unconstitutional vagueness of Waveland's ordinance because, as the parties agree, there appears to be no statute specifically stating a limitations period for such an action, Defs.' Mem. [46] at 4-5; Pls.' Mem. [51] at 5.

Section 1983 claims "are subject to state personal injury statutes of limitations." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (citation omitted). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure,* 488 U.S. 235, 249-50 (1989). "[F]ederal courts also look to state law for its tolling provisions." *Burge v. Par. of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993). As noted previously, the residual statute of limitations for personal injury claims in Mississippi is found at Mississippi Code Section 15-1-49, which sets forth a three-year statute of limitations applicable to Gulf Shore's due process and equal protection claims brought under 42 U.S.C. § 1983.

There does not appear to be a Mississippi statute addressing the limitations period for claims seeking declaratory relief. "As a general rule, an action for declaratory judgment will be barred to the same extent that the applicable statute of limitations bars an underlying action in law or equity." 22A Am. Jur. 2d Declaratory Judgments § 182 (2017). "Because claims for declaratory relief necessarily derive from claims for substantive relief, the statute of limitations for the underlying action at law generally is applied to an accompanying action

8

for declaratory relief." *Id.* To the extent Gulf Shore seeks a declaration pertaining to Waveland's ultra vires conduct, then, the one-year statute of limitations would apply. Declaratory relief based upon breach of contract and violation of equal protection and due process would be subject to the three-year statute of limitations.

2. <u>Analysis</u>

a. <u>Due Process and Constitutional Vagueness Claims</u>

Gulf Shore's procedural and substantive due process claims derive from Waveland's amending of the water and sewer ordinance, which, according to the Second Amended Complaint, occurred on November 16, 2016. Gulf Shore first raised these claims in its Second Amended Complaint filed on April 25, 2017. These due process claims thus fall within the three-year statute of limitations and are not time-barred. Gulf Shore's unconstitutional vagueness claim also appears to be a challenge to the amended ordinance, Ordinance #371, as the Second Amended Complaint seeks a judgment "permanently enjoining Ordinance #371 as unconstitutionally vague." Second Am. Compl. [28] at 14. Because the Second Amended Complaint alleges that this amended ordinance was approved on November 16, 2016, this claim also falls within the three-year statute of limitations and is not time-barred.

b. <u>Remaining Claims</u>

Gulf Shore's remaining claims would be time-barred absent tolling or an exception to the statute of limitations because Gulf Shores alleges that the injuries

9

giving rise to its equal protection, breach of contract, ultra vires conduct, and unjust enrichment claims all first occurred on February 28, 2011.

Mississippi recognizes the continuing tort doctrine:

> Where a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.
>
> A "continuing tort" is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. A continuing tort sufficient to toll a statute of limitations is occasioned by . . . continual unlawful acts, not by continual ill effects from an original violation.

*Smith v. Franklin Custodian Funds, Inc.*, 726 So. 2d 144, 148 (Miss. 1998) (citation omitted). Mississippi courts do not apply "the continuing tort doctrine when harm reverberates from one wrongful act or omission." *Id.* at 149.

Waveland argues, without citation to any caselaw, that the continuing tort doctrine does not apply to claims against governmental entities because Mississippi Code Section 15-1-51 provides when the statute of limitations shall "run" in favor of the state, counties, and municipal corporations and does not limit that period to when the claim accrues. Reply [53] at 3. Section 15-1-51 states that "[t]he statutes of limitation shall run in favor of the state, the counties, and municipal corporations beginning at the time when the plaintiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued upon." Miss. Code. Ann. § 15-1-51.

However, a continuing tort tolls the time when both "the cause of action

10

accrues at, and limitations begin to run from." *Smith*, 726 So. 2d at 148. Waveland also does not attempt to square its argument with the fact that the Supreme Court of Mississippi has held that the continuing tort doctrine does apply to claims against the state under the MTCA. *See Estate of Fedrick ex rel. Sykes v. Quorum Health Res., Inc.*, 45 So. 3d 641, 643 (Miss. 2010). Moreover, "the statute of limitations is an affirmative defense that places the burden of proof on the party pleading it." *Frame v. City of Arlington*, 657 F.3d 215, 239 (5th Cir. 2011) (citation and quotation marks omitted). Absent citation to any other legal authority by Waveland, the Court is left to conclude that, at least based on the present briefing, the continuing tort doctrine would apply to the specific facts of this case.

Applying the continuing tort doctrine to the facts alleged in the Second Amended Complaint, which the Court must accept as true at this stage of the case, Gulf Shore has sufficiently pled that Waveland plausibly committed continuing and repeated wrongful acts by imposing improper charges and fees on a repeated and recurring basis. Specifically, the Second Amended Complaint contends that each month, Waveland charged Gulf Shore excessive rates, charged for wastewater disposal without authority to do so, and charged improperly computed late fees. Furthermore, on several occasions, Waveland allegedly did not properly credit Gulf Shore's payments, resulting in more late fees. Assuming the truth of Gulf Shore's factual allegations, it is plausible that Waveland would have committed repeated wrongful acts from 2011 to 2016. Gulf Shore's alleged injury did not result merely from the original wrongful act in 2011. The Second Amended Complaint sets forth

11

facts plausibly alleging that the continuing tort doctrine tolled the statute of limitations for Gulf Shore's equal protection, ultra vires conduct, and unjust enrichment claims until June 2016.

As to the breach of contract claim, the parties have not directed the Court to any Mississippi state court opinions directly on point, but "both the Fifth Circuit and this Court have implicitly recognized that [a continuing breach of contract] claim exists under Mississippi law." *Singing River Elec. Power Ass'n v. Bellsouth Telecomm., Inc.*, No. 1:10cv486-LG-RHW, 2011 WL 5082235, at *7 (S.D. Miss. Oct. 26, 2011) (citing *Merchants & Marine Bank v. Douglas–Guardian Warehouse Corp.*, 801 F.2d 742, 745 (5th Cir. 1986); *Provenza v. Stamps*, No. 1:09cv191-LG-RHW, 2010 WL 706480, at *2 (S.D. Miss. Feb. 22, 2010)). Here, the Second Amended Complaint claims that Waveland continually breached its contracts with Gulf Shore by charging rates and fees inconsistent with City ordinances. If true, and viewing the facts in the light most favorable to Gulf Shore, it is plausible that this would not constitute simply a single breach that occurred in 2011, but one that was repeated with every new bill or charge. In sum, the Court will decline to dismiss any claims based on the statutes of limitations.

C. <u>Waveland's Merits Arguments on the Unjust Enrichment and Procedural Due Process Claims</u>

    1. <u>Whether Waveland is Immune from Gulf Shore's Unjust Enrichment Claim</u>

Waveland contends that it is immune from Gulf Shore's unjust enrichment claim. Defs.' Mem. [46] at 6. Mississippi Code Section 11-46-3(1) grants

12

immunity to the state and its political subdivisions for "breach of implied term or condition of any warranty or contract." Mississippi Code Section 11-46-5(1) waives the immunity granted under Section 11-46-3 for

> claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment . . . , however, immunity of a governmental entity in any such case shall be waived only to the extent of the maximum amount of liability provided for in Section 11-46-15.

Miss. Code Ann. § 11-46-5(1).

"While this waiver contains no explicit reference to implied warranty and implied-contract claims against governmental entities, the supreme court in *Estate of Stewart* determined, without explanation, that the section 11-46-5 waiver applied to a breach of implied contract claim." *1704 21st Ave., Ltd. v. City of Gulfport*, 988 So. 2d 412, 417 (Miss. Ct. App. 2008) (citing *City of Jackson v. Estate of Stewart ex rel. Womack*, 908 So. 2d 703, 711 (Miss. 2005)). Accordingly, in *1704 21st Avenue*, the Court of Appeals of Mississippi held that the plaintiff's claims for unjust enrichment "originate from an implied-in-law contract" and the waiver in Section 11-46-5 applied. *Id.* at 417-18

*1704 21st Avenue* and *Estate of Stewart* therefore appear to stand for the proposition that Waveland's immunity from Gulf Shore's unjust enrichment claim is waived to the extent of the maximum amount of liability provided for in Section 11-46-15. Section 11-46-15(1)(c) states that in any suit for damages against a governmental entity or its employee for claims arising from acts or omissions occurring on or after July 1, 2001, the liability under the MTCA shall not exceed

13

$500,000.00. Gulf Shore may thus pursue its unjust enrichment claim to this extent.

2. Whether the Second Amended Complaint Fails to State a Procedural Due Process Claim Upon Which Relief Can Be Granted

In Count II, Gulf Shore advances a claim for "violation of the Plaintiff's rights to substantive and procedural due process[.]" Second Am. Compl. [28] at 8-9. Gulf Shore thus appears to bring separate claims for substantive due process and procedural due process violations. "Substantive due process analysis is appropriate only in cases in which government arbitrarily abuses its power to deprive individuals of constitutionally protected rights." *Simi Inv. Co. v. Harris Cty.*, 236 F.3d 240, 249 (5th Cir. 2000). However, Waveland seems to take issue with only the procedural due process claim, and has not argued for a dismissal on the merits of the substantive due process claim.

Gulf Shore's procedural due process claim alleges that Waveland withheld notice of the changes it was considering to the ordinance in violation of due process. *Id.* at 8-9. Waveland contends that the adoption of a utility ordinance is a legislative function and that procedural due process rights do not attach to legislative actions of public bodies. Defs.' Mem. [46] at 7. Gulf Shore responds that it has a recognized property interest in proceedings related to utility rates, and that Waveland was required to provide Gulf Shore with notice that the City was considering amending the water and sewer ordinance. Pls.' Mem. [51] at 9-11.

"While an individual is entitled to notice and a hearing before state action deprives him of life, liberty, or property, no such right attends legislative

14

enactments that affect a general class of persons." *United States v. LULAC*, 793 F.2d 636, 648 (5th Cir. 1986). This is because "all of those persons have received procedural due process by the legislative process itself and they have no right to individual attention." *Id.; see also McMurtray v. Holladay*, 11 F.3d 499, 504 (5th Cir. 1993) ("[W]hen a legislature extinguishes a property interest via legislation that affects a general class of people, the legislative process provides all the process that is due.").

"Generally, if the court views the governmental conduct as legislative, the property owner has no procedural due process rights." *Cty. Line Joint Venture v. City of Grand Prairie*, 839 F.2d 1142, 1144 (5th Cir. 1988). On the other hand, if the action "is viewed as administrative/adjudicative, procedural due process rights may attach." *Id.*

> Conduct of a municipal body is likely to be deemed legislative when an elected group, such as a city council, makes a general zoning decision which applies to a large group of interests. Conversely, a municipal body's action may be more likely termed adjudicative if an appointed group, such as a zoning board, makes a specific decision regarding a specific piece of property.

*Id.; see also Xcaliber Int'l Ltd. LLC v. Atty. Gen. State of Louisiana*, 612 F.3d 368, 382 (5th Cir. 2010) ("Generally speaking, legislative actions are non-individualized determinations that affect a wider class of individuals, whereas adjudicative actions involve individualized assessments that affect a smaller number of people in a more exceptional manner.").

According to the Second Amended Complaint, the Board of Mayor and Aldermen "comprises the elected officials responsible for the City of Waveland."

15

Second Am. Compl. [28] at 2.  The Second Amended Complaint alleges that the Board met on November 16, 2016, to vote on and approve an amended water and sewer ordinance.  *Id.* at 6-7.  The City's action in amending its water and sewer ordinance and adopting the amended ordinance, Ordinance #371, was thus a decision by elected officials.  The Second Amended Complaint sets forth no facts plausibly alleging that the amendment to the City's ordinance was a specific decision regarding a specific piece of property, rather than one affecting a general class of persons.

Relying on *Mississippi Power Co. v. Mississippi Public Service Commission*, 168 So. 3d 905, 913 (Miss. 2015), Gulf Shore contends that it enjoys a recognized property interest in proceedings related to utility rates.  In *Mississippi Power*, the Mississippi Power Company ("MPC") petitioned the Public Service Commission ("PSC") for approval to increase power rates based on Construction Work in Progress accounts ("CWIP").  The PSC subsequently approved the rate increases for two years "by including 'mirror CWIP' in the rate bases and rates."  *Id.* at 908. The Supreme Court of Mississippi held that while "ratepayers have no property interest in a *certain rate,* the ratepayers may not be subject to proceedings in which he or she may be deprived of a protected property interest without adequate protection in place to certify the fundamental fairness of the action taken by the government."  *Id.* at 913.  Under that principle,

> the Commission deprived ratepayers of procedural due process by failing to require notice to the ratepayers. No notice of the original filing was provided to the ratepayers in the overwhelming majority of the southeastern Mississippi counties constituting MPC's service

16

area. MPC sought and obtained approval for CWIP recovery that would result in rate increases. When MPC pursued rate increases as part of its certificate filing, all of its customers were entitled to notice. Few, if any, received it. The ratepayers are "interested parties" in this proceeding.

*Id.* at 914.

The foregoing case is inapposite to the present dispute, however. In *Mississippi Power*, the ratepayers were subject to the "proceeding" of MPC filing to the Commission for increased rates based on CWIP. That proceeding took the Commission's actions out of the legislative realm and into the adjudicative. Here, no such adjudicative action occurred. Waveland's meeting and adoption of the amended ordinance was not the type of proceeding contemplated by *Mississippi Power*, rather, it was more in the nature of legislative action by an elected body.

Similarly unpersuasive is Gulf Shore's reliance on *Mullane v. Central Hanover and Trust Co.*, 393 U.S. 306 (1950), where the United States Supreme Court considered the constitutional sufficiency of notice given to the beneficiaries of a common trust fund of a judicial settlement of accounts by the trustee of the fund. As explained by the Supreme Court:

> The due process standards of *Mullane* apply to an "adjudication" that is "to be accorded finality." The Court in *Mullane* itself distinguished the situation in which a State enacted a general rule of law governing the abandonment of property. It has long been established that laws must give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly, but it has never been suggested that each citizen must in some way be given specific notice of the impact of a new statute on his property before that law may affect his property rights.

*Texaco, Inc. v. Short*, 454 U.S. 516, 535-36 (1982) (citation, quotation marks, and footnote omitted).

17

Gulf Shore has not stated a constitutional procedural due process claim upon which relief may be granted, and the Court will dismiss this claim. As mentioned above, because Waveland has not challenged Gulf Shore's substantive due process claim on its merits, this claim will proceed.

III. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiffs' Second Amended Complaint sufficiently alleges that the pertinent statutes of limitations do not bar Plaintiffs' claims and that Defendants' immunity does not preclude Plaintiffs' unjust enrichment claim. Plaintiffs have failed to state a claim upon which relief may be granted for violation of procedural due process. Waveland's Motion to Dismiss will be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants The Board of Mayor and Aldermen of the City of Waveland, Mississippi, and the City of Waveland, Mississippi's Motion [45] to Dismiss Plaintiffs Gulf Shore Properties, LLC, Oak Park Mississippi Properties, LLC, Waveland Properties, LLC, and Michael Brown's Second Amended Complaint is **GRANTED IN PART** as to Plaintiffs' claim for violation of procedural due process, and this claim is **DISMISSED WITH PREJUDICE**. The Motion is **DENIED IN PART** as to Plaintiffs' remaining claims for violation of substantive due process, violation of equal protection, breach of contract, ultra vires conduct, unjust enrichment, and unconstitutional vagueness. These claims will proceed.

**SO ORDERED AND ADJUDGED**, this the 25th day of January, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE